Shelley G. Hurwitz  (SBN 2175566)
HOLLAND & KNIGHT LLP
400 S. Hope Street, 8th Floor
Los Angeles, California 90071-2040
Telephone:  (213) 896-2400
Facsimile:   (213) 896-2450

Attorneys for Defendant
JetBlue Airways Corporation

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| LINDA TONEY,<br><br>    Plaintiff,<br><br>    vs.<br><br>JETBLUE AIRWAYS CORPORATION, and DOES 1 through 100,<br><br>    Defendants. | Case No.: CV-12-02139 MCE-EFB<br><br>**ANSWER OF DEFENDANT JETBLUE AIRWAYS CORPORATION TO COMPLAINT** |

## ANSWER TO COMPLAINT

Defendant JetBlue Airways Corporation ("JetBlue" or "Defendant") hereby answers Plaintiff Linda Toney's ("Toney" or "Plaintiff") Complaint as follows:

1.     In response to Paragraph 1, JetBlue lacks sufficient information to admit or deny the allegations contained therein, and basing its denial on that ground, denies each and every allegation contained therein.  Defendant does not dispute federal court jurisdiction over this matter.

2. In response to Paragraph 2, JetBlue lacks sufficient information to admit or deny the allegations contained therein, and basing its denial on that ground, denies each and every allegation contained therein.

## PARTIES

3. In response to Paragraph 3, JetBlue lacks sufficient information to admit or deny the allegations contained therein, and basing its denial on that ground, JetBlue denies each and every allegation contained therein.

4. In response to Paragraph 4, JetBlue admits the allegations of that paragraph.

5. In response to Paragraph 5, nothing constitutes a factual matter to which a response by JetBlue must be pled. If a response is required, JetBlue lacks sufficient information to admit or deny the allegations contained therein, and basing its denial on that ground, JetBlue denies each and every allegation contained therein.

6. In response to Paragraph 6, nothing constitutes a factual matter to which a response by JetBlue must be pled. If a response is required, JetBlue lacks sufficient information to admit or deny the allegations contained therein, and basing its denial on that ground, JetBlue denies each and every allegation contained therein.

## PRELIMINARY ALLEGATIONS

7. In response to Paragraph 7, JetBlue admits that Plaintiff was a passenger on JetBlue Flight 262 ("Flight 262") and that an emergency evacuation of Flight 262 was declared upon landing at the Sacramento International Airport on August 26, 2010. Except as specifically admitted, JetBlue denies each and every remaining allegation contained in Paragraph 7.

8. In response to Paragraph 8, JetBlue admits that Flight 262 on August 26, 2010 was flown on a duly registered Airbus A320 aircraft ("subject aircraft"). JetBlue further admits that that an emergency evacuation was declared. Except as

specifically admitted, JetBlue denies each and every remaining allegation contained in Paragraph 8.

9. In response to Paragraph 9, JetBlue admits that the passengers onboard Flight 262 were evacuated onto the tarmac via emergency evacuation slides at the Sacramento International Airport. Except as specifically admitted, JetBlue denies each and every remaining allegation contained in Paragraph 9.

10. In response to Paragraph 10, JetBlue denies each and every allegation contained therein.

11. In response to Paragraph 11, nothing included therein constitute a factual matter to which a response must be plead. To the extent a response is required, Defendant denies the factual allegations therein.

12. In response to Paragraph 12, JetBlue denies each and every allegation contained therein.

13. In response to Paragraph 13, JetBlue denies each and every allegation contained therein.

14. In response to Paragraph 14, JetBlue denies each and every allegation contained therein.

15. In response to Paragraph 15, JetBlue denies each and every allegation contained therein.

**AS AND TO THE FIRST CAUSE OF ACTION AND CLAIM FOR RELIEF**

16. In response to Paragraph 16, nothing contained in that paragraph requires an admission or denial. To the extent that a response is required, JetBlue repeats, reiterates, and reasserts each admission and denial contained in Paragraphs 1-15, inclusive, of this Answer as if set forth in full herein.

17. In response to Paragraph 17, JetBlue admits it was a common carrier and engaged in the transportation of passengers for hire by air on August 26, 2010.

18. In response to Paragraph 18, JetBlue denies each and every allegation contained therein.

19. In response to Paragraph 19, JetBlue denies each and every allegation contained therein.

## AS AND TO THE SECOND CAUSE OF ACTION
## AND CLAIM FOR RELIEF

20. In response to Paragraph 20, nothing contained in that paragraph requires an admission or denial. To the extent that a response is required, JetBlue repeats, reiterates, and reasserts each admission and denial contained in Paragraphs 16-19, inclusive, of this Answer as if set forth in full herein.

21. In response to Paragraph 21, nothing constitutes a factual matter to which a response by JetBlue must be pled. To the extent a response is required, JetBlue denies the factual allegations therein.

22. In response to Paragraph 22, nothing constitutes a factual matter to which a response by JetBlue must be pled. To the extent a response is required, JetBlue denies the factual allegations therein.

23. In response to Paragraph 23, JetBlue denies each and every allegation contained therein.

## AS AND TO THE PRAYER FOR RELIEF

In response to the "Wherefore" Paragraph of the Complaint, nothing contained in that paragraph requires an admission or denial. To the extent that a response is required, JetBlue denies the allegations set forth in the "Wherefore" Paragraph of the Complaint.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action or Claim)

As a first, separate and distinct affirmative defense to the Complaint, JetBlue alleges that the Complaint and each purported cause of action fails to state facts

sufficient to constitute a cause of action against JetBlue upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Preemption)

As a second, separate and distinct affirmative defense to the Complaint, JetBlue alleges that, the Complaint is preempted, either explicitly or implicitly, in whole or in part, by federal law, including but not limited to the Federal Aviation Act and/or Federal Aviation Reauthorization Act and/or the Airline Deregulation Act and/or applicable Federal Aviation Regulations or Homeland Security Regulations and/or other applicable federal statutes and/or laws.

## THIRD AFFIRMATIVE DEFENSE
### (Limited Liability)

As a third, separate and distinct affirmative defense to the Complaint, JetBlue alleges that, as to each and every purported cause of action or claim alleged in the Complaint as against JetBlue, JetBlue is not liable to Plaintiff, or in the alternative, JetBlue's liability is limited, pursuant to its tariffs on file with the Department of Transportation of the United States and pursuant to its Conditions of Carriage set forth in the relevant contract of transportation.

## FOURTH AFFIRMATIVE DEFENSE
### (Immunity from Liability Pursuant to Federal Law and/or Regulations)

As a fourth, separate and distinct affirmative defense to the Complaint, JetBlue alleges that, as to each and every purported cause of action or claim alleged in the Complaint against JetBlue, JetBlue is immune from liability because it acted lawfully under the provisions of the Federal Aviation Act and the Airline Deregulation Act, and their applicable regulations including but not limited to 49 U.S.C. §§ 44902(b) and 44941, 14 C.F.R. 121.537, and 14 C.F.R. 121.397.

## FIFTH AFFIRMATIVE DEFENSE

### (Compliance with Governmental Regulations)

As a fifth, separate and distinct affirmative defense to the Complaint, JetBlue alleges that, as to each and every purported cause of action or claim alleged in the Complaint against JetBlue, JetBlue is not liable to Plaintiff because JetBlue complied with all relevant governmental regulations.

## SIXTH AFFIRMATIVE DEFENSE

### (No Causation)

As a sixth, separate and distinct affirmative defense to the Complaint, JetBlue alleges that, as to each and every purported cause of action or claim alleged in the Complaint against JetBlue, any damages allegedly sustained by Plaintiff were not proximately caused by any negligent actions or omissions on the part of JetBlue and, thus, JetBlue is not liable to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

As a seventh, separate and distinct affirmative defense to the Complaint, JetBlue alleges that the damages allegedly sustained by Plaintiff, if any, was caused or contributed to by Plaintiff's own negligence or culpable conduct and/or the negligence or culpable conduct of third-parties and, thus, JetBlue is not liable to Plaintiff. In the event that Plaintiff is entitled to any damages, the amount of these damages should be reduced by the comparative fault of Plaintiff and/or any other person or entity.

## EIGHTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Negligence)

As an eighth, separate and distinct affirmative defense to the Complaint, JetBlue alleges that, Plaintiff's claims are barred as a result of Plaintiff's own negligence.

### NINTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

As a ninth, separate and distinct affirmative defense to the Complaint, JetBlue alleges that, Plaintiff's claims are barred because Plaintiff acted with full knowledge of all the facts and circumstances surrounding her injuries or damages and, thereby, assumed the risks of the matters causing her injuries.

### TENTH AFFIRMATIVE DEFENSE
### (No Breach of Duty as a "Common Carrier" Pursuant to *Civil Code § 2100*)

As an tenth, separate and distinct affirmative defense to the Complaint, JetBlue alleges that JetBlue is not liable to Plaintiff because JetBlue complied with all relevant governmental regulations of the United States, used the utmost care and diligence in performing its duties as a common carrier pursuant to California Civil Code § 2100, and provided everything necessary to carry out its statutory duties.

### ELEVENTH AFFIRMATIVE DEFENSE
### (No Recovery for Emotional Distress Damages)

As an eleventh, separate and distinct affirmative defense to the Complaint, JetBlue alleges that, as to each and every purported cause of action or claim alleged in the Complaint against JetBlue, and as to the Complaint in its entirety, JetBlue had no knowledge of any peculiar susceptibility of Plaintiff to damage or injury from emotional distress.  Plaintiff's Complaint seeks damages for injuries from emotional distress.  Plaintiff's Complaint seeks damages for injuries from emotional distress caused by circumstances of which a reasonable person would have been adequately able to cope.

### TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

As a twelfth, separate and distinct affirmative defense to the Complaint, JetBlue alleges that to the extent that Plaintiff failed to exercise reasonable care to

mitigate the damages allegedly sustained, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages which Plaintiff should reasonably have mitigated.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Damages Not Recoverable; Offset of Damages)

As a thirteenth, separate and distinct affirmative defense to the Complaint, JetBlue alleges that some or all of the damages claimed by Plaintiff are limited or not recoverable under applicable law.  Further, in the event damages are to be awarded to Plaintiff, such damages should be reduced or offset by various benefits received under applicable law.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Leave to Assert Additional Defenses)

As an fourteenth, separate and distinct affirmative defense to the Complaint, JetBlue respectfully requests leave to assert additional defenses which it deems necessary to its defense of the Complaint during or upon conclusion of its investigation and discovery of the claims of Plaintiff.

**WHEREFORE**, having generally denied Plaintiff's Complaint and having alleged affirmative defenses, JetBlue prays:

1. That Plaintiff takes nothing by this Complaint;
2. For judgment and dismissal of all claims;
3. For JetBlue's costs and disbursements incurred herein; and
4. For such other and further relief as the Court may deem proper.

Date:  December 19,  2012            HOLLAND & KNIGHT LLP


By:    /s Shelley G. Hurwitz
Shelley G. Hurwitz
*Attorneys for Defendant*
*JetBlue Airlines Corporation*

8

ANSWER OF DEFENDANT JETBLUE AIRWAYS CORPORATION TO COMPLAINT FOR DAMAGES

## PROOF OF SERVICE BY ECF SYSTEM

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within entitled action. My business address is the law firm of Holland & Knight LLP located at 400 S. Hope St., 8th Floor, Los Angeles, California 90071. On December 19, 2012, I electronically served the documents described below via the ecf system:

**ANSWER OF DEFENDANT
JETBLUE AIRWAYS CORPORATION TO COMPLAINT**

on the following recipients:

**William L. Berg
Diem T. Tran
Berg Injury Lawyers
640 Watt Avenue, Suite 100
Sacramento, CA 95864
Phone (916) 641-5800
Fax (916) 641-2629**

I declare under penalty of perjury pursuant to the laws of the State of California and the United States that the foregoing is true and correct and was executed on December 19, 2012 at Los Angeles, California.

/s/ Shelley Hurwitz
Shelley Hurwitz